UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

RAJESHWAR SINGH YADAV,

            Plaintiff,

    -against-

BROOKHAVEN NATIONAL LABORATORY,
BROOKHAVEN SCIENCE ASSOCIATES,
MICHAEL HOLLAND, DR. SAMUEL ARONSON,
MICHAEL BEBON, LANNY BATES, EDWARD
MURPHY, THOMAS TIMKO, JOHN DINICOLA,
GARRY OLSON, SUSAN FOSTER and MICHAEL
GOLDMAN, all in their individual and official
capacities,

            Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

**OPINION & ORDER**
**CV-09-5645(SJF)(ARL)**

On December 28, 2009, *pro se* plaintiff Rajeshwar Singh Yadav ("plaintiff") commenced this action against defendants Brookhaven National Laboratory, Brookhaven Science Associates, Dr. Samuel Aronson, Michael Bebon, Lanny Bates, Edward Murphy, Thomas Timko, John Dinicola, Garry Olson, Susan Foster and Michael Goldman (collectively, "the Brookhaven defendants") and Michael Holland ("Holland"), alleging, *inter alia*, employment discrimination based upon race, color, national origin and age and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and/or New York State Executive Law § 296 ("NYSHRL"); and violations of his constitutional rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986.

1

The declarations of service filed by plaintiff on February 11, 2010 indicate that he caused the summonses and complaint to be served upon the Brookhaven defendants on January 13, 2010, with the exception that Brookhaven National Laboratory ("BNL") was served on January 21, 2010. After being granted an extension of time within which to answer the complaint by Magistrate Judge Arlene R. Lindsay, the Brookhaven defendants filed their answer to the complaint on March 2, 2010.

The declaration of service filed by plaintiff with respect to Holland, an employee of the United States Department of Energy ("DOE"), indicates, *inter alia*, that the summons and complaint were purportedly served on Holland on January 13, 2010 by leaving it with a "staff member" of the DOE "Site Office." The summons designates Holland's address as "Bldg. 464, Brookhaven National Laboratory, Upton N.Y. 11973." Since Holland is an employee of the United States being served in both his official and individual capacity, he was required to serve an answer to the complaint within sixty (60) days after service of the summons and complaint: (1) upon the United States Attorney, with respect to the claims against him in his official capacity; and (2) upon him or the United States attorney, whichever is later, with respect to the claims against him in his individual capacity alleging acts or omissions occurring in connection with the duties he performed on behalf of the United States. Fed. R. Civ. P. 12(a)(2) and (3).

On April 19, 2010, after more than sixty (60) days had elapsed from the date plaintiff purportedly served the summons and complaint upon Holland, plaintiff moved the Clerk of the Court for the entry of default against Holland pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Thereafter, on April 22, 2010, Vincent Lipari, Assistant United States Attorney for the Eastern District of New York, filed a notice of appearance on behalf of Holland in his official

capacity. Nonetheless, in light of the mandatory nature of Rule 55(a), the Clerk entered Holland's default on May 17, 2010. Plaintiff has not, however, moved for a default judgment against Holland. Pending before the Court is Holland's unopposed motion to set aside the default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

Rule 55(c) of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he court may set aside an entry of default for good cause * * *." Since Holland has established that he was never properly served with the summons and complaint, with respect to the claims against him in either his official or individual capacity, see Fed. R. Civ. P. 4(i)(2) and (3), he has shown good cause for setting aside the Clerk's entry of default. Accordingly, Holland's motion to set aside the default is granted. Pursuant to Rule 4(i)(4)(B) and (m) of the Federal Rules of Civil Procedure, plaintiff is granted **fourteen (14) days** to properly serve the United States and Holland or his complaint will be dismissed against Holland without prejudice.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: June 21, 2010
Central Islip, New York

3