UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RAJESHWAR SINGH YADAV,

                 Plaintiff,

                -against-                                  OPINION & ORDER
                                                    CV-09-5645(SJF)(ARL)

BROOKHAVEN NATIONAL LABORATORY,
BROOKHAVEN SCIENCE ASSOCIATES,
MICHAEL HOLLAND, DR. SAMUEL ARONSON,
MICHAEL BEBON, LANNY BATES, EDWARD
MURPHY, THOMAS TIMKO, JOHN DINICOLA,
GARRY OLSON, SUSAN FOSTER and MICHAEL
GOLDMAN, all in their individual and official
capacities,

                 Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

On December 28, 2009, *pro se* plaintiff Rajeshwar Singh Yadav ("plaintiff") commenced this action against defendants Brookhaven National Laboratory, Brookhaven Science Associates, Dr. Samuel Aronson, Michael Bebon, Lanny Bates, Edward Murphy, Thomas Timko, John Dinicola, Garry Olson, Susan Foster and Michael Goldman (collectively, "the Brookhaven defendants") and Michael Holland ("Holland"), alleging, *inter alia*, employment discrimination based upon race, color, national origin and age and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and/or New York State Executive Law § 296 ("NYSHRL"); and violations of his constitutional rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986. By order entered June 22, 2010, I granted Holland's motion to set aside the default entered against him pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Plaintiff now moves for reconsideration of that

1

June 22, 2010 order and for an extension of time to complete discovery. For the reasons set forth below, plaintiff's motions are denied.

I. Reconsideration

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, *inter alia*, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion. . . . There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," Goldberg v. UBS AG, 690 F.Supp.2d 92, 96 (E.D.N.Y. 2010); T.Z. v. City of New York, 634 F.Supp.2d 263, 268 (E.D.N.Y. 2009), "so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Hinds County, Miss. v. Wachovia Bank N.A., ___ F.Supp.2d ___, 2010 WL 1727965, at * 17 (S.D.N.Y. Apr. 26, 2010).

In determining a motion for reconsideration, the court should consider: (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. See Hinds County, ___ F.Supp.2d ___, 2010 WL 1727965, at * 16; In re Zyprexa Products Liability Litigation, 653 F.Supp.2d 181, 182 (E.D.N.Y. 2009) (citing Doe v. New York City Dep't of Social Services, 709 F.2d 782, 789 (2d Cir. 1983)); see also U.S. v. Carr, 557 F.3d 93, 102 (2d Cir. 2009), cert. denied, 130 S.Ct. 169, 175 L.Ed.2d 239 (2009). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See U.S.

Gas & Elec., Inc. v. Big Apple Energy, LLC, ___ F.Supp.2d ___, 2010 WL 1438820, at * 3 (E.D.N.Y. Apr. 10, 2010); Gottlieb v. Carnival Corp., 635 F.Supp.2d 213, 215 (E.D.N.Y. 2009).

Plaintiff does not allege that there has been an intervening change in law, nor does he present any new evidence on his motion for reconsideration. In addition, plaintiff has not established that I committed any error in vacating the Clerk's entry of default against Holland or that reinstating the entry of default against Holland is necessary to prevent manifest injustice. Accordingly, plaintiff's motion for reconsideration is denied.

II. Extension of Time

Plaintiff's request for an extension of time to complete discovery and for an adjournment of the November 8, 2010 pretrial conference date is denied without prejudice as premature. However, insofar as plaintiff seeks a settlement conference with the Court, plaintiff's application is granted to the extent that a settlement conference is scheduled before me on **July 29, 2010 at 11:30 a.m.** The parties are to appear on that date with authority, or with persons with authority, to settle this matter in my courtroom, located at 1010 Federal Plaza, Central Islip, New York 11722. The scheduling of that conference shall not stay or otherwise affect discovery in this action.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 20, 2010
Central Islip, New York