UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAJESHWAR SINGH YADAV,

                        Plaintiffs,                **REPORT AND RECOMMENDATION**
                                                                                       CV 09-5645 (SJF)(ARL)

       -against-

BROOKHAVEN NATIONAL LABORATORY,
BROOKHAVEN SCIENCE ASSOCIATES,
MICHAEL HOLLAND, DR. SAMUEL ARONSON,
MICHAEL BEBON, LANNY BATES, EDWARD
MURPHY, THOMAS TIMKO, JOHN DINICOLA,
GARRY OLSON, SUSAN FOSTER and MICHAEL
GOLDMAN, in their individual and official capacities,

                        Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the Brookhaven defendants' letter dated September 26, 2010 indicating that the *pro se* plaintiff has not complied with the undersigned's September 2, 2010 order that he respond to outstanding discovery requests. The defendants request that this action be dismissed for failure to prosecute. The plaintiff has made no response to this application.

      A brief recitation of the relevant procedural history of this action is as follows. The plaintiff filed his complaint in December 2009. In May 2010, after District Judge Feuerstein set a pretrial conference in this case for November 8, 2010, the undersigned issued a scheduling order and established September 23, 2010 as a deadline for the completion of discovery. In June 2010, the plaintiff moved for an extension of time to complete discovery, which the undersigned denied due to the district court's pretrial conference date and the plaintiff's failure to show that he has been working diligently to meet the deadlines. Thereafter, in July 2010, the plaintiff moved before District Judge Feuerstein, *inter alia*, for an extension of time to complete discovery, an adjournment of the pretrial conference date, and a settlement conference. District Judge Feuerstein denied the request for an extension of the discovery deadline and for an adjournment of the November 8, 2010 pretrial conference as premature and granted the plaintiff's application for a settlement conference. The conference was scheduled for July 29, 2010, and the district court made clear that this did not stay or otherwise affect discovery in this action. The plaintiff moved to adjourn the settlement conference, and the district court adjourned the conference to September 1, 2010.

      In August 2010, the defendants moved to compel the plaintiff to comply with their First Set of Interrogatories and Document Requests served on June 22, 2010. The plaintiff opposed the application and indicated in part that he did not respond, in part, because he was hoping the case would be settled at the September 1, 2010 conference.

At the settlement conference on September 1, 2010, District Judge Feuerstein repeatedly warned the plaintiff that his complaint would be dismissed if he failed to comply with the discovery order that was to be issued by the undersigned. The colloquy between the plaintiff and the district court at that conference was as follows:

> The Court: So she [Magistrate Lindsay] will decide it. Okay? And after that, assuming that your case survives that, then I'm going to ask the defendants, once they get suitable disclosure, and if [J]udge Lindsay orders you to serve additional discovery and you fail to do it by the deadline she gives you, I'm going to dismiss the case.
>
> Is that understood?
>
> Mr. Yad[a]v: Your Honor–
>
> The Court: Yes or no?
>
> Mr. Yad[a]v: Yes that's understood.
>
> \* \* \*
>
> The Court: Okay. They have brought a motion before Judge Lindsay. She is going to issue an order. If that order tells you t hat you have to give them more information and you fail to do so within the period of time that she requires you to do so, I'm going to dismiss this case.
>
> Is that understood?
>
> Mr. Yad[a]v: That's understood.
>
> \* \* \*
>
> The Court: . . . So they have already filed a motion. That is before Judge Lindsay. I[f] you file a motion, so be it. I will deal with that when you do.
>
> Again, I'm going to tell you must abide by what Judge Lindsay says. If you fail to do so, I will dismiss the case.

(Tr. of Settlement Conference, dated September 1, 2010, at 13, 14, 16.)

By Order dated September 2, the undersigned directed the plaintiff, *inter alia*, to provide the defendants on or before Friday, September 24, 2010 with (1) a written response to the requests for the outstanding discovery documents which organizes and identifies the documents produced in a manner that corresponds to the specific requests; and (2) an amended response to the interrogatories 1(k), 1(t), 1(hh), 2, 3 and 4. The court again reminded the parties that all discovery had to be completed by September 23, 2010. By their recent letter, the defendants indicate that the plaintiff has still not responded to the outstanding requests, which were first served in June 2010. For example, with respect to the document requests, rather than organize

and label the documents, the plaintiff merely referred back to all of the documents made in his prior document proffer and refers back to Document Request 1, which states that "Plaintiff has provided copies of 2301 pages of documents in response to interrogatories" and "[will] continue to provide copies of documents upon sorting out volumes of documents." With respect to the interrogatories, the plaintiff did not provide any response to Interrogatories 2, 3, and 4. In response to Interrogatory 1(hh), the plaintiff revised his prior blank response to state that "he reserves the right to add to this response."

Federal Rule of Civil Procedure 41(b) provides a district court with "the authority to dismiss a plaintiff's case sua sponte for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). "Although pro se litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citations and internal quotation marks omitted). It is especially true that pro se litigants bear the obligation to comply with procedural rules when the rules, such as deadlines to act, can easily be understood and appreciated without a legal education. *See Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citations omitted).

Pursuant to the factors set forth in *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001), dismissal of the plaintiff's action is appropriate. The undersigned has provided the plaintiff with the opportunity to comply with the court's order, and has repeatedly reminded the plaintiff of the discovery deadline. District Judge Feurestein warned the plaintiff three times during the settlement conference that the failure to comply with the undersigned's order would result in dismissal of the action. Despite being given nearly three months to respond to the defendants' discovery requests, he has still failed to do so. This has resulted in prejudice to the defendants and a tax of the court's resources. The plaintiff has not provided an excuse for his failure to abide by the court's order. Accordingly, the undersigned respectfully recommends that the foregoing action be dismissed for the plaintiff's failure to prosecute pursuant to Rule 41(b).

A copy of this Report and Recommendation will be sent by the court to all parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: October 19, 2010
      Central Islip, New York

                                                        _____/s/_____
                                                        ARLENE ROSARIO LINDSAY
                                                        United States Magistrate Judge